UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00039-SEB-DLP-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FERNANDO LOPEZ-MENDEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00039-SEB-DLP |
| | ) | |
| FERNANDO LOPEZ-MENDEZ, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Fernando Lopez-Mendez has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 60. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In August 2020, Mr. Lopez-Mendez pleaded guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1), one count of possession of firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1), and one count of illegal reentry as a removed alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Dkt. 51 at 1. According to the presentence investigation report, in 2019, law enforcement officers executed a search warrant at Mr. Lopez-Mendez's residence in which they located 575 grams of actual methamphetamine, a firearm, ammunition, zip-lock bags, and scales. Dkt. 42 at 5. Mr. Lopez-Mendez admitted that he was holding the drugs for another individual and that he was the only person with access to the location of the drugs. *Id.* Mr. Lopez-Mendez had been convicted of operating a vehicle while intoxicated as a felony in 2008, was a citizen of Mexico, and had been

removed from the United States in 2010. *Id.* at 4–5. Mr. Lopez-Mendez had not received permission to reapply for admission to the United States. *Id.*

Mr. Lopez-Mendez faced a guidelines range of 108 to 135 months of imprisonment. Dkt. 42 at 14. The Court sentenced him to 120 months of imprisonment followed by 5 years of supervised release. Dkt. 51 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Lopez-Mendez's anticipated release date (with good-conduct time included) as August 27, 2026. https://www.bop.gov/inmateloc/ (last visited June 13, 2024).

Mr. Lopez-Mendez has filed his second motion for compassionate release *pro se*. Dkt 60. Mr. Lopez-Mendez argues that he establishes extraordinary and compelling reasons for compassionate release because (1) the COVID-19 pandemic exposes him to serious risk of illness especially in light of his medical conditions; and (2) he is serving an unusually long sentence which would likely be shorter today due to other district courts expressing policy disagreements with the Sentencing Guidelines provisions for methamphetamine convictions. Dkt. 60 at 2. The Court has concluded that it can resolve the motions without a response from the United States.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27

3

F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Lopez-Mendez's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. The Seventh Circuit has said that "for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Lopez-Mendez is vaccinated, dkt. 60 at 11, and has presented no evidence that he is unable to benefit from the vaccine.

Additionally, Mr. Lopez-Mendez "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). He has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Cochran*, 2022 WL 1236336, at *1 (7th Cir. Jan. 18, 2022); *United States v. Hoskins*, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary

4

compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court finds that Mr. Lopez-Mendez has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.[1]

Mr. Lopez-Mendez next contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his sentence should be reduced because other district courts have expressed a policy disagreement with the guidelines treatment of pure methamphetamine and methamphetamine mixed with other substances. Dkt. 60 at 16. He claims that this differential has resulted in him receiving an unusually long sentence. *Id.* at 2.

The Court recognizes that, effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited June 13, 2024). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the

---

[1] The United States Sentencing Commission Guidelines Manual to identifies the outbreak of infectious disease in prisons as an "extraordinary and compelling" circumstance potentially warranting compassionate release. U.S.S.G. § 1B1.13 (Nov. 2023). Mr. Lopez-Mendez's circumstances do not currently meet the criteria for that extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(b)(1)(D) (Nov. 2023).

> Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Even assuming the validity of this guidelines provision,[2] Mr. Lopez-Mendez does not qualify for relief under this provision. First, Mr. Lopez-Mendez has served less than 10 years of incarceration. *See* dkt. 42 at 2. Second, he has not identified a change in the law that has produced an alleged disparity in his sentence. Though he discusses multiple other district court opinions regarding the difference in sentencing between pure and mixed methamphetamine, any disagreement between these courts and the sentencing guidelines is not a "change in the law" that may permit relief. Third, even if the policy disagreement were a change in the law, Mr. Lopez-Mendez has failed to identify how such a difference between the sentencing guidelines treatments of pure and mixed methamphetamine would affect his sentence. For these reasons, Mr. Lopez-Mendez has not met his burden to show that his alleged "unusually long sentence" constitutes an extraordinary and compelling reason whether considered as a factor by itself or together with any other reason.

In conclusion, Mr. Lopez-Mendez's argued ground that extraordinary and compelling reasons exist warranting his early release is not persuasive. We do not address whether he would

---

[2] This court has previous found § 1B1.13(b)(6) to be invalid in light of binding Seventh Circuit precedent, specifically *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). *See United States v. Robinson*, 2024 WL 2816925 (S.D. Ind. May 31, 2024). Because even if the guidelines provision were valid, Mr. Lopez-Mendez does not qualify for relief, we need not reach the question of the validity of § 1B1.13(b)(6) in this matter.

6

be a danger to the community or whether any of the sentencing factors listed at 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.   Conclusion

For the reasons stated above, Mr, Lopez-Mendez's motion for compassionate release, dkt. [60], is **denied**.

**IT IS SO ORDERED.**

Date: 6/28/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Fernando Lopez-Mendez
Register Number: 16844-028
FCI Yazoo City Low II
Federal Correctional Institution
P.O. Box 5000
Yazoo City, MS 39194